**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**JAY D. LEACH, Jr.**                                                                                                    **PLAINTIFF**

**v.**                                                                                        **CIVIL ACTION NO. 3:08-CV-469-C**

**DEPARTMENT OF VETERANS AFFAIRS et al.**                                                      **DEFENDANTS**

**OPINION**

     The plaintiff, Jay D. Leach, Jr., unrepresented by counsel, filed a complaint listing as defendants the Department of Veterans Affairs, the V.A. Medical Center, an unknown drug manufacturer, Dr. Ivey L. Thornton, Dr. Mark A. Cassol, Dr. Shorye Payne, and the V.A. Emergency Room.  This matter is before the court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed in part and allowed to go forward in part.

I.

     The plaintiff's complaint states that on November 6, 2007, he went to the VA Hospital experiencing nausea.  He states that he was examined by government physicians Ivey Thornton and Mark Cassol.  He alleges that on November 13, 2007, he was exposed to a "harmful substance having the properties or effects of poison, injected intravenously through a vein in my hand, into my bloodstream, by Dr. Mark A. Cassol.  Never diagnosed, never prescribed.  Their was no life saving properties in this drug."

As relief, he asks the court for judgment on the issue of liability in his favor and that the matter proceed solely on the issue of damages. He also references "Penal Code 210.0(3)," apparently with regard to the government physicians and the drug manufacturer, querying whether their behavior violates criminal law.

## II.

This court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this court must dismiss a case at any time if the court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th

2

Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), a complaint must include "enough facts to state a claim to relief that is plausible on its face," if a plaintiff is to avoid dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Medical malpractice claim***

"When a veteran is injured at a medical center operated by the United States Department of Veterans Affairs . . . he may file for two different types of recovery: disability benefits under 38 U.S.C. § 1151 and medical malpractice tort remedies under the Federal Tort Claims Act ('FTCA')." *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). Here, the plaintiff complains of medical malpractice. Absent is any indication that the plaintiff is seeking disability benefits. Moreover, the plaintiff refers in his complaint to a federal liability act, indicating his desire to bring a tort claim. Accordingly, the court construes the plaintiff's complaint as one for medical malpractice under the FTCA.

However, because a claim under the FTCA may be asserted only against the United States itself, 28 U.S.C. § 2674; *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990), the FTCA claims against the individually named defendants must fail as a matter of law and will be dismissed. *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991). The clerk of the court will be directed to add the United States as the proper FTCA defendant in this action. *See Wolf v.*

3

*Gregory*, No. 08-93-GFVT, 2009 WL 790163, at *4 (E.D. Ky. Mar. 24, 2009).

***Claim against unknown drug manufacturer***

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

The instant plaintiff fails to provide material facts in support of any viable legal theory against the unknown drug manufacturer. The plaintiff fails to place this unknown defendant on notice as to any claim(s) against it. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*).

Although this court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610

F.2d 16, 19 (1st Cir. 1979). Additionally, this court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the

"courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the court will dismiss the claim against the drug manufacturer. However, if after discovery, a viable claim can be made against a particular drug manufacturer, the plaintiff may seek leave to amend his complaint to add that claim.

### *Request for criminal charges*

With regard to the plaintiff's reference to the penal code, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The court does not have the power to direct that criminal charges be filed against anyone. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). Therefore, to the extent that the plaintiff requests that criminal charges be brought against the defendants, such request will be dismissed.

5

**III.**

The court will enter an order consistent with this opinion.  <u>The clerk is directed to send a copy of this opinion to the plaintiff, the defendants, and the U.S. Attorney</u>.


Signed on  June 26, 2009

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**